UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-95-TAV-JEM |
| | ) | |
| CARI RHEA HUNDLEY and | ) | |
| ZACHARY NEWTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Zachary Newton's Motion to Continue Trial and All Other Deadlines [Doc. 23], filed on October 10, 2025. Codefendant Cari Rhea Hundley filed a Motion to Join Co-Defendant's Motion to Continue [Doc. 24], on October 10, 2025.

Defendant Newton requests the Court to continue the trial date, set for November 4, 2025, and all other deadlines set forth in the scheduling order [Doc. 23]. In support of the motion, Defendant Newton states he had his initial appearance on September 8, 2025, and that the Court set certain dates and deadlines at that time, including a motion deadline of October 6, 2025 [*Id.* ¶ 1]. Defendant Newton's counsel picked up the initial discovery disclosure from the United States on September 16, 2025 [*Id.*] Defendant Newton notes this is a drug conspiracy case involving one additional codefendant [*Id.* ¶ 2]. He further notes that discovery is extensive and consists of several search warrants, audio/video recordings, photographs, records, and law enforcement documents [*Id.*]. Defendant Newton is requesting the continuance so that he may have sufficient time to thoroughly discuss the discovery and other relevant legal issues, and decide what,

if any, pretrial motions should be filed [*Id.*]. Based on the amount of investigation, potential pretrial litigation, and trial preparation that must be completed in this case, Defendant Newton's counsel needs additional time to prepare for trial [*Id.* ¶ 3]. Defendant understands that the continuance of the trial date will result in a later trial date, which would necessarily affect the computation of time pursuant to the Speedy Trial Act [*Id.* ¶ 5]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 7].

Codefendant Cari Rhea Hundley filed a Motion to Join Co-Defendant's Motion to Continue [Doc. 24]. Codefendant Hundley states that her counsel has been involved in a good faith effort to resolve her case [*Id.* at 1]. Despite due diligence, Codefendant Hundley's counsel needs additional time to communicate with Codefendant Hundley, discuss factual issues, discuss potential motions, and confer with the Government regarding a potential resolution of the matter [*Id.*]. Codefendant Hundley also notes that the discovery in this matter is voluminous [*Id.*]. Codefendant Hundley's counsel confirmed via email to the Court that her client understands her right to a speedy trial and that Codefendant Hundley waives her right for the purposes of the continuance.

Based upon the information in Defendant Newton's motion to continue, Codefendant Hundley's motion to join in the continuance, and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv).

Defense counsel needs more time to review discovery, conduct research, consider pretrial motions, discuss plea agreements, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 4, 2025 trial date.

The Court therefore **GRANTS** Defendant Zachary Newton's Motion to Continue Trial and All Other Deadlines [**Doc. 23**]. The trial of this case is reset to **April 7, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 10, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Zachary Newton's Motion to Continue Trial and All Oher Deadlines [**Doc. 23**] and Codefendant Cari Rhea Hundley's Motion to Join Co-Defendant's Motion to Continue [**Doc. 24**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 7, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 10, 2025**, and the new trial date of **April 7, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for pretrial motions is extended to **November 10, 2025**, and responses to motions are due on or before **November 24, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 6, 2026**;

(6) the deadline for filing motions *in limine* is **March 23, 2026**, and responses to motions *in limine* are due on or before **March 31, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 19, 2026, at 1:00 p.m.**; and

3

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 27, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge